December 27th, 1904.

————O————

## No. 3603.

(Court of Appeal, Parish of Orleans.)

### OMER VILLERE vs. B. R. FORMAN.

Appeal from Civil District Court, Division "A."

R. J. Maloney, for Plaintiff and Appellee.

M. H. Manion, for Defendant and Appellant.

1. The fact that a suit may be neccessary to enforce a claim does not make it a litigious right.

2. Where it is not manifest that the appeal was taken for delay, and where it appears that appellant may have daily admitted the cor-

MOORE, J. This was a suit on five promissary notes made by the defendant and which were acquired by the plaintiff, who is an attorney at law, by purchase from the original holder after their respective maturities and dishonor.

There was no defence on the merits, but *in liminie,* and by way of peremptory exception, the defendant affirmed the nullity of plaintiff's acquisition on the ground that the purchase was that of a litigious right which fell under the jurisdiction of the tribunal in which plaintiff, as an attorney, exercised his functions, and that it was hence an absolute nullity being prohibited by Art. 2447 C. C.

There was judgment for plaintiff and defendant appealed. It is admitted that the plaintiff purchased the notes for their full face value, principal and interest included; that he was not advised that the former holder had even made any demand for payment or had ever made any attempt to collect them. It is not shown that there was any pending litigation on the notes, or on any matter or thing in which, directly or remotely, these notes were involved or concerned. Nor does it appear that the plaintiff was advised, or had reason to believe, that the original holder knew, or believed, that the notes would not be paid without a suit, or that there was any valid defence to them whatsoever, as, indeed, there was none, as the answer is simply a general denial.

How in the face of these facts it can be claimed that the purchase of these notes was the purchase of a litigious right, is beyond comprehension; unless the argument can be admitted that the mere fact that a suit was necessary in order to enforce payment makes it a litigious right. Such is not the law. O. A. 232: 21 A. 42; 38 A. 222; 6. R. 172; 2 A. 60.

We must affirm the judgment but we do not feel that we are justified in allowing damages as prayed for by the appellee.

It is not manifest that the appeal was taken for delay. The appellant is himself an attorney and he was represented here and in the lower Court by learned and skilled counsel who seriously and ably argued the objection stated. We believe both client and attorney may have fairly doubted the correctness of the judgment appealed from. In such case it has been frequently held that no damages will be allowed. Hen. Dig., p. 101 (f), No. 3, and cases there cited.

It is therefore ordered adjudged and decreed that the judgment appealed from be affirmed.

January 23rd, 1905.

Writ denied by Supreme Court, March 27, 1905.